RECEIVED

AUG 2 2 2006

ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | |
|---|---|
| CONSTANCE FARRIS | CIVIL ACTION NO: 6:06CV0793 |
| VERSUS | JUDGE DOHERTY |
| WENDELL JACKSON, et al. | MAGISTRATE JUDGE METHVIN |

## AMENDED MEMORANDUM RULING

This Court, upon review, concludes the original Memorandum Ruling is incomplete, and hereby files an Amended Memorandum Ruling to supercede the initial Ruling. Before this Court is Plaintiff Constance Farris' Motion to Remand [Doc. 9], Defendants' Memorandum in Opposition to the Motion to Remand [Doc. 13], and Defendants' Supplemental Memorandum in Opposition to Plaintiff's Motion to Remand [Doc. 16]. Plaintiff argues that this matter should be remanded as it didn't comply with the 28 U. S. C. § 1446. Courts have interpreted in this statute a requirement that all named and served defendants must collectively consent to the removal in order for it to be valid. Plaintiff argues that because one of the defendants, Wendell Jackson, had not been contacted by counsel for defendants at the time of filing the Notice of Removal [Doc. 5], the removal lacked the complete consent of all named and served defendants and thus was invalid.

From the record before this Court, it appears that all of the defendants in this case are represented by the same attorney, Alan J. Yacoubian, of Johnson, Johnson, Barrios and Yacoubian. Both defendants, each an insurance company, have an obligation under Louisiana law to defend and indemnify those they insure. Similarly, both defendant insurers have selected the same counsel to

represent their interests and those of their insured. Defendants' counsel properly filed a notice of removal to federal court. Plaintiff argues that counsel, nonetheless, did not comply with the requirements of 28 U.S.C. § 1446. United States Fifth Circuit Court of Appeals has held that consent to removal must come from "some person or entity purporting to formally act on [the defendants'] behalf in this respect *and have the authority to do so.*"[1] (Emphasis added) As defense counsel represents all named and served defendants, this Court finds that defense counsel has the required authority to formally act on his clients' behalf. Thus, in light of the noted Fifth Circuit jurisprudence, this Court finds 28 U.S.C. § 1446 has been complied with by defense counsel.

Plaintiff's Motion to Remand [Doc. 9] is **DENIED**.

**THUS DONE AND SIGNED** in Lafayette, Louisiana, this ____ day of August, 2006.

REBECCA F. DOHERTY
UNITED STATES DISTRICT JUDGE

---

[1] Gillis v. Louisiana Board of River Port Pilot and Comm'r., 294 F.3d 755 (5th Cir. 2002).